IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**PHILLIP D. WEBB,**

**Defendant.**                                              No. 12-30268-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge**:

Pending before the Court is the the government's second motion in limine to admit certain evidence at trial (Doc. 77). The defendant filed a response to the second motion in limine (Doc. 85). Based on the following, the Court **GRANTS** the motion.

The government moves in limine to admit certain evidence at trial (Doc. 77). The government would like to admit into evidence of the following: "that shortly before the robbery that is charged in Count 1 of the Second superseding Indictment, a Madison Police Officer saw a man matching the description given by

the robbery victims, wearing the same clothing as described, walking in the direction of the Quik Trip gas station, and that the witness specifically, took note of this person because he believed the man to be Phillip Webb, who was a person of interest in a recent homicide investigation." (Doc. 77, ps. 1-2) The government wants to introduce this evidence through the testimony of Sergeant Dennis Pinero, who was on duty June 28, 2011.  The government maintains that this evidence is relevant and admissible under Federal Rule of Evidence 404(b) to prove the identity of the defendant, explain the chronological unfolding of events, and prevent a conceptual void in the evidence.  Defendant objects to this motion arguing that there is no probative value to Sergeant Pinero's testimony that defendant was the subject of a "murder investigation" or "investigation of a serious crime" and such evidence would be highly prejudicial to defendant. Defendant maintains that Sergeant Pinero's report states the he witnessed a subject matching the description provided by Officer Renth and that the subject "appeared to be a person of interest in a state investigation."

Federal Rule of Evidence 404(b) provides:

**(b) Crimes, Wrongs, or Other Acts.**

**(1) Prohibited Uses.**  Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

**(2) Permitted Uses; Notice in a Criminal Case.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  On request by a defendant in a criminal case, the

prosecutor must:

> **(A)** provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
>
> **(B)** do so before trial – or during trial if the court, for good cause, excuses lack of pretrial notice.

"Rule 404(b) forbids the use of prior convictions or other evidence of bad acts to prove that the defendant has a propensity to commit crimes. But it allows such evidence to be presented (in the discretion of the trial judge, balancing probative value against prejudice to the defendant under Fed.R.Evid. 403) to prove other, material facts, including criminal intent, identity, and absence of mistake." *United States v. Taylor*, 522 F.3d 731, 735 (7th Cir. 2008). Federal Rule of Evidence 403 authorizes a district court to exclude "relevant evidence" if the probative value of the evidence is "substantially outweighed by a danger of … unfair prejudice…." Fed.R.Evid. 403. "Evidence is unduly prejudicial if it creates a genuine risk that the emotions of the jury will be excited to irrational behavior, and the risk is disproportionate to the probative value of the offered evidence." *United States v. Loughry,* 660 F.3d 965, 971 (7th Cir. 2011). Before admitting evidence, a district court should "weigh the need for and probative value of the evidence against potential harm that its admission might cause." *Mihailovich v. Laatsch,* 359 F.3d 892, 906 (7th Cir. 2004).

The Court agrees with the government that this evidence is admissible. The reason for Sergeant Pinero's heightened degree of attention to Webb is highly

probative evidence necessary to dispel an assertion by defense counsel that defendant is being framed and to avoid confusing the jury.  Without the full knowledge of the circumstances surrounding Pinero's sighting of Webb on June 28, 2011, the jury would not have all the necessary evidence to evaluate the case.  In fact, without this background information, the jury may wonder why Sergeant Pinero had "just happened" to see a picture of defendant Webb and "just happened" to take note of him on that day.  The Court finds that fact that Sergeant Pinero took note of Webb because he was a person of interest in the recent investigation of a serious crime is not unfairly prejudicial.  Clearly, the evidence is offered to show why Sergeant Pinero had a fixed and heightened degree of attention for defendant Webb.  The Court will not allow the prosecution to use the specific suspicion of a homicide but "a serious crime" is sufficient to convey law enforcement's heightened vigilance for the defendant.  Moreover, defendant has not been charged with the murder case and defendant is allowed to inform the jury of this in whatever descriptive terms he chooses.  This evidence will give the jury a complete account of the facts in which to decide the case.  The Court **ALLOWS** this evidence as the value of this probative evidence is not substantially outweighed by the danger of unfair prejudice.

Accordingly, the Court **GRANTS** the government's second motion in limine to admit certain evidence at trial (Doc. 77) as limited by the Court.

**IT IS SO ORDERED.**

Signed this 24th day of January, 2014.

Digitally signed by
David R. Herndon
Date: 2014.01.24
15:47:05 -06'00'

**Chief Judge
United States District Court**