IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:12-cr-30268-DWD |
| ) | |
| PHILLIP D. WEBB, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge**:

Before the Court is Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 – Part A ("Status Points under §4A1.1) ("Motion"). (Doc. 139). The Government does not oppose the Motion. (Doc. 140).

The parties agree Defendant is eligible for a reduction of sentence under Part A of Amendment 821, which amended U.S.S.G. § 4A1.1(e) and concerns criminal history points awarded because a defendant was under a criminal sentence when he committed his offense of conviction ("status points").

In a judgment dated July 28, 2014, Defendant was sentenced to 92 months on Count 1 (Bank Robbery), Count 3 (Possession with Intent to Distribute Cocaine Base), and Count 4 (Felon in Possession of a Firearm), to run consecutive to the mandatory minimum sentence of 84 months on Count 2 (Use of a Firearm During a Crime of Violence), for a total of 181 months. (Doc. 111).

In the presentence report, Defendant was assessed +2 status points for committing these offenses while on parole for another offense. (Doc. 95). At sentencing, Defendant's total offense level was 28, **his criminal history points were 5**, and his **criminal history category was III**. As to Counts 1, 3, and 4, Defendant's advisory guideline range was 97-121 months. Count 2, however, carried a mandatory consecutive 84-month sentence. As a result, Defendant's advisory guideline range for all counts was **181 to 205 months incarceration**.

Here, under the retroactive amendment to § 4A1.1, Defendant's criminal history points are reduced from **5 to 3** and the corresponding criminal history category is reduced from **III to II**. This results in a lower advisory guideline range of **87 to 108 months on Counts 1, 3, and 4**, and with Count 2's mandatory consecutive 84-month sentence, Defendant's effective guideline range is now **171 to 192** months incarceration. (Docs. 139 and 140). These calculations are consistent with the U.S. Probation Office's calculations. (Doc. 139-1). In light of the lower advisory guideline range, the parties agree a sentence reduction from **181 months of imprisonment to 171 months of imprisonment** is proper. (Docs. 139 and 140).

Upon consideration of the Motion, the Government's Response, and calculations from the U.S. Probation Office, and taking into account the policy statement set forth at U.S.S.G. §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), including as considered, evaluated, and applied by the sentencing judge at the time of the original

sentence, the Court agrees that a proportionate reduction in sentence from the original sentence imposed is appropriate.

Accordingly, the Court **GRANTS** the Motion (Doc. 139) and **REDUCES** Defendant's sentence as follows: **171 total months –** 87 months as to Counts 1, 3, and 4 of the Second Superseding Indictment, to run concurrent to each other and 84 months on Count 2 of the Second Superseding Indictment to run consecutive to all other counts, effective February 1, 2024. All other terms of the judgment dated July 28, 2014 (Doc. 111) to remain unchanged. The Court attaches its standard order (AO Form 247) to reflect the aforementioned sentence reduction.

**SO ORDERED**.

Dated: January 11, 2024

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge